UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

December 10, 2019

LETTER TO COUNSEL

  RE: *Taylor v. Baltimore Police Dept., et al.*
     Civil No. SAG-18-3999

Dear Counsel:

  Plaintiff Jeffry E. Taylor ("Plaintiff") filed this suit against members of the Baltimore Police Department ("BPD") for actions relating to his employment as a police officer with the Marine Unit. Currently pending are Motions to Dismiss filed by three groups of Defendants, ECF 18, 19, 20, and Plaintiff's Motion for Leave to File a First Amended Complaint, ECF 24. I have reviewed those motions and the oppositions thereto. ECF 23, 27. No hearing is necessary. See Loc. R. 105.6 (D. Md. 2018). For the reasons stated herein, Plaintiff's Motion for Leave to File a First Amended Complaint will be granted, and the pending Motions to Dismiss will be denied as moot.

  Plaintiff filed his original Complaint on December 28, 2018, alleging claims against the BPD, his immediate supervisor (Sergeant Kurt Roepcke), three former BPD Commissioners or Interim Commissioners (Kevin Davis, Darryl De Sousa, and Garry Tuggle), a former BPD Major (Frederick Gilbart), the Mayor and City Council of Baltimore, and the State of Maryland (collectively, "Defendants"). ECF 1. After some initial delay in the proceedings to permit the parties an opportunity to conduct early, but unsuccessful, settlement discussions, several subgroups of Defendants filed Motions to Dismiss. ECF 18, 19, 20. Plaintiff opposed those motions, ECF 23, but simultaneously filed a Motion for Leave to File a First Amended Complaint. ECF 24. The proposed First Amended Complaint eliminates all claims against the BPD, the Mayor and City Council of Baltimore, and the State of Maryland, in addition to the claims against many of the defendants in their official capacities. ECF 24-3. It also adds some new factual allegations. *Id.*

  Logically, this Court will begin by considering the Motion for Leave to File a First Amended Complaint. Federal Rule of Civil Procedure 15 provides that a party seeking to amend its pleading after twenty-one days following service may do so "only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). However, the Rule requires courts to "freely give leave when justice so requires." *Id.* The Fourth Circuit's policy is "to liberally allow amendment." *Galustian v. Peter*, 591 F.3d 724, 729 (4th Cir. 2010). Accordingly, leave to amend should be denied only if "prejudice, bad faith, or futility" is present. *See Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509-10 (4th Cir. 1986) (interpreting *Foman v. Davis*, 371 U.S. 178 (1962)); *Hart v. Hanover Cnty. Sch. Bd.*, 495 F. App'x 314, 315 (4th Cir. 2012). Ultimately,

the decision to grant leave to amend rests in this Court's discretion. *Foman*, 371 U.S. at 182; *Laber v. Harvey*, 438 F.3d 404, 428 (4th Cir. 2006) (en banc).

Defendants oppose Plaintiff's motion on three grounds: unnecessary delay, futility, and violation of LR 103.6. Beginning with the final argument, it is true that Plaintiff's motion violates Local Rule 103.6.d, which requires, "[b]efore filing a motion requesting leave to file an amended pleading, counsel shall attempt to obtain the consent of other counsel." Plaintiff's counsel failed to abide by that rule, simply assuming that consent would not be forthcoming due to Defendants' efforts to have the original Complaint dismissed with prejudice. ECF 24 ¶ 4. Counsel is warned that, where the Local Rules require the parties to confer on any particular issue in the future, this Court expects them to engage in actual discussion, rather than simply making assumptions. However, it appears that in this instance, the assumption proved accurate, since Defendants are in fact opposing the motion for leave to amend. In the interest of judicial efficiency, this Court will not require Plaintiff to file a new motion, following a conference that would be patently unsuccessful.

As for unnecessary delay, very little has transpired in this case since its inception, due in large part to an extended stay to accommodate the parties' joint request to schedule an early settlement conference. In fact, this case was effectively stayed from March 18, 2019 until the settlement conference on September 18, 2019, with the pending motions shortly thereafter. An amendment is deemed to cause undue prejudice when it "raises a new legal theory that would require the gathering and analysis of facts not already considered by the opposing party [and] . . . the amendment is offered shortly before or during trial." *Johnson*, 785 F.2d at 510 (citations omitted). Conversely, a proposed amendment carries little prejudice "if it merely adds an additional theory of recovery to the facts already pled and is offered before any discovery has occurred." *Laber*, 438 F.3d at 427 (citing *Davis*, 615 F.2d at 613). Here, any "unnecessary delay" did not prejudice Defendants, because no scheduling order has even been set in the case and no discovery has occurred.

The primary disputed issue, then, is futility. Defendants premise their futility argument on the merits of the position laid out in their Motions to Dismiss, ECF No. 18-20. The three counts asserted in the proposed First Amended Complaint all rely on a violation of Plaintiff's First Amendment rights. ECF 24-3 (containing a § 1983 claim for First Amendment retaliation; a claim for "Freedom of Speech Retaliation" under Article 40 of the Maryland Declaration of Rights; and a claim for violation of the Law Enforcement Officers' Bill of Rights). As in their 12(b)(6) motions, Defendants contend that all three counts fail because "as a matter of law, Plaintiff's speech concerns Plaintiff's job duties not matters of public concern and, even if Plaintiff spoke upon a matter of public concern, his interest is outweighed by the BPD's interest in maintaining order and efficiency and ensuring effective policing." ECF 27 at 5.

As the Fourth Circuit has stated, a proposed amendment is futile when it "is clearly insufficient or frivolous on its face." *Johnson*, 785 F.2d at 510; *see also* 6 CHARLES ALAN WRIGHT, ARTHUR R. MILLER, & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE: CIVIL § 1487 (3d. ed. 2010) ("[A] proposed amendment that clearly is frivolous,

advancing a claim or defense that is legally insufficient on its face, or that fails to include allegations to cure defects in the original pleading, should be denied." (footnotes omitted)).

This review for futility "does not involve an evaluation of the underlying merits of the case." *Kolb v. ACRA Control, Ltd.*, 21 F. Supp. 3d 515, 522 (D. Md. 2014) (quoting *MTB Servs., Inc. v. Tuckman-Barbee Constr. Co.*, No. RDB-12-2109, 2013 WL 1819944, at *3 (D. Md. Apr. 30, 2013). "To the contrary, '[u]nless a proposed amendment may clearly be seen to be futile because of substantive or procedural considerations, . . . conjecture about the merits of the litigation should not enter into the decision whether to allow amendment.'" *Next Generation Grp., LLC v. Sylvan Learning Ctrs., LLC*, No. CCB-11-0986, 2012 WL 37397, at *3 (D. Md. Jan. 5, 2012) (emphasis added) (quoting *Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir.), *cert. dismissed*, 448 U.S. 911 (1980))). Recently, this Court discussed the overlap between a court's review for futility under Rule 15 and for failure to state a claim under Rule 12(b)(6):

> There is no question, to be sure, that leave to amend would be futile when an amended complaint could not survive a Rule 12(b)(6) motion. *See U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008). Yet the Court need not apply the Rule 12(b)(6) standard when determining whether leave to amend would be futile. The Court applies a much less demanding standard: whether "the proposed amendment is clearly insufficient or frivolous on its face." *Johnson*, 785 F.2d at 510.

*Aura Light US Inc. v. LTF Int'l LLC*, Nos. GLR-15-3198 & GLR-15-3200, 2017 WL 2506127, at *5 (D. Md. June 8, 2017).

Thus, it may be within the trial court's discretion to deny leave to amend when it is clear that a claim cannot withstand a Rule 12(b)(6) motion. *See, e.g., Wilson*, 525 F.3d at 376-79 (upholding a district court's denial of leave to amend False Claims Act claims because the plaintiffs' amendments attempted "to shoehorn what might have been an ordinary FCA claim – and what really is a breach of contract suit – into some sort of fraudulent inducement action. This [the plaintiffs] simply cannot do."); *Perkins v. United States*, 55 F.3d 910, 916-17 (4th Cir. 1995) (affirming the trial court's denial of leave to amend after the trial court dismissed the complaint under Rule 12(b)(6) based on the United States' sovereign immunity, since the proposed amendments would have also been dismissed under Rule 12(b)(6) on sovereign immunity grounds). As this Court has also suggested, leave to amend may be denied if proposed amendments are mere "[t]hreadbare recitals of the elements of a cause of action" that are clearly insufficient to plead a cause of action under Federal Rule of Civil Procedure 8(a)(2). *Kolb*, 21 F. Supp. 3d at 522 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009)).

That being said, it does not follow that every plaintiff seeking leave to amend their claims must demonstrate that his claims can withstand a Rule 12(b)(6) motion. Such a requirement would render superfluous the Fourth Circuit's definition of a futile claim as one that is "clearly insufficient or frivolous on its face," *Johnson*, 785 F.2d at 510 (emphasis added), and would run contrary to the Fourth Circuit's well-established "policy to liberally allow amendment in keeping

with the spirit of Federal Rule of Civil Procedure 15(a)," *Galustian*, 591 F.3d at 729; *see also Coral v. Gonse*, 330 F.2d 997, 998 (4th Cir. 1964).

Though the parties dispute the viability of Plaintiffs' claims under a Rule 12(b)(6) standard, it cannot be said that his allegations are "clearly insufficient or frivolous." Plaintiff alleges that he engaged in speech relating to a matter of public concern, namely a waste of taxpayer dollars and an environmental hazard created by Defendants. ECF 24-3. Plaintiff further alleges that his interest in First Amendment expression about those matters of public concern outweighs the BPD's interest in maintaining control over its workplace. *Id.* Finally, Plaintiff alleges that he was subjected to retaliation, including removal from the Marine Unit, as a result of his constitutionally protected speech. *Id.* Those allegations are sufficient under the "less demanding" standard required to permit amendment of his claims at this early stage of the litigation.

While it seems inefficient, procedurally, this Court will grant Plaintiff leave to file his Amended Complaint, and will deny Defendants' existing motions to dismiss as moot. Presumably, the remaining Defendants will refile motions to dismiss the Amended Complaint, reiterating their arguments that Plaintiff's factual allegations do not establish violations of his First Amendment rights. Allowing those motions to be fully briefed in due course will ensure that each party has an opportunity to make a full record regarding Plaintiff's amended allegations.

For the reasons set forth above, Plaintiff's Motion for Leave to File an Amended Complaint, ECF 24, is GRANTED, and Defendants' respective Motions to Dismiss, ECF 18, 19, 20, are DENIED as moot. Despite the informal nature of this letter, it should be flagged as an Opinion and docketed as an Order.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States District Judge